1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL FRANCO,

11            Plaintiff,              No. CIV S-07-0072 FCD EFB P

12        vs.

13   CMF WARDEN, et al.,

14            Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16        Plaintiff is a prisoner without counsel prosecuting this civil rights action *in forma*

17   *pauperis*. *See* 42 U.S.C. § 1983; 42 U.S.C. §§ 12131 - 12164 proceeding was referred to this

18   court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19        On July 6, 2007, the court dismissed plaintiff's initial complaint for failure to state any

20   cognizable claim and gave plaintiff time to file an amended complaint.  On September 10, 2007,

21   plaintiff filed a first amended complaint.  The court has reviewed plaintiff's complaint pursuant

22   to 28 U.S.C. § 1915A and, for the following reasons, finds it fails to state a claim for relief.

23        The first amended complaint makes the following allegations: (1) the warden of

24   California Medical Facility ("CMF") violated the California Penal Code by not transferring

25   plaintiff to a facility near his family; (2) the warden of CMF violated state law by failing to

26   transfer plaintiff to a hospice unit alleged to exist at California Institution for Men ("CIM"); (3)

1

an unspecified individual violated the Eighth Amendment by transferring plaintiff from

California Rehabilitation Center ("CRC") to Avenal State Prison ("ASP") in contravention of a

recommendation against transfer because of plaintiff's medical conditions; (4) unidentified

individuals at ASP violated the Eighth Amendment by accepting plaintiff's transfer in

contravention of this recommendation; (5) unidentified individuals violated the Eighth

Amendment by transferring plaintiff to CMF despite the recommendation against transfer;  (6)

unidentified individuals at CMF violated the Eighth Amendment by accepting plaintiff's transfer

despite this recommendation; (7) Officer Neri at CMF violated due process by refusing to

transfer plaintiff to CIM despite his successful administrative appeal seeking such a transfer; (8)

unidentified individuals violated the Eighth Amendment by failing to follow the

recommendation of Dr. Bopari of ASP that plaintiff be transferred to a facility closer to family

for humanitarian reasons; (9) unidentified individuals violated due process by failing to transfer

plaintiff to CIM; (10) Warden Mary Perez's having granted plaintiff's appeal seeking transfer to

CIM created a contract between plaintiff and CDCR and the latter's failure to transfer plaintiff to

CIM constitutes breach of contract; (11) On August 9, 2007,  CMF officials D. Haley,

Bustamento, Callen and Providence refused to transfer plaintiff to CIM despite a

recommendation by the chief medical officer that plaintiff be transferred to a facility that could

satisfy his medical needs;  (12) he suffers visual, hearing and mobility impairments, and he

suffers terminal cancer, CIM has a hospice program and CDCR officials refuse to transfer him to

CIM in violation of the ADA.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege that an identified defendant

deprived him of a right secured to him by the Constitution or laws of the United States while

acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  The "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the assumption

that all the allegations in the compliant are true (even if doubtful in fact)."  *Bell Atlantic*

*Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

1    However, it is clear that the violation of a state law where no federal right is implicated is not

2    remediable under section 1983. *See Myron v. Terhune*, 457 F.3d 996, 999-1000 (9th Cir. 2006).

3    Contracts disputes are governed by state law. *See Kokkonen v. Guardian Life Insurance*

4    *Company of America*, 511 U.S. 375, 381 (1994).

5    **A.  Section 1983 Claim**

6         To state a claim defendants provided constitutionally inadequate medical care, plaintiff

7    must allege acts or omissions evidencing identified defendants knew of and disregarded

8    plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v.*

9    *Brennan*, 511 U.S. 825, 837 (1994).  Neither defendants' negligence nor plaintiff's general

10   disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106;

11   *Hutchinson v. United States*,  838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d

12   330, 331 (9th Cir. 1996).

13        To state a claim for violation of the Due Process Clause of the Fourteenth Amendment, a

14   plaintiff must allege that a defendant denied plaintiff a specific right protected by the federal

15   constitution without procedures required by the constitution to ensure fairness, or deliberately

16   abused his power without any reasonable justification in aid of any government interest or

17   objective and only to oppress in a way that shocks the conscience. *Sandin v. Connor*, 515 U.S.

18   472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986); *Board of Regents of State*

19   *Colleges v. Roth*, 408 U.S. 564, 569 (1972).  "There is no legitimate claim of entitlement to a

20   [prison] grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488

21   U.S. 898 (1988).  Furthermore, a prisoner does not have a constitutional right to be housed at a

22   particular facility, *Meachum v. Fano*,  427 U.S. 215, 224 (1976); *Olim v. Wakinekona*, 461 U.S.

23   238, 245-49 (1983).

24        Measured against these standards, plaintiff fails to state a cognizable claim under § 1983

25   against any defendant.  Claims 1, 2 and 10, as enumerated above, are governed by state law.

26   ////

1    Plaintiff identifies no particular defendant in claims 3, 4, 5, 6, 8, or 9.  With respect to Claim 7,

2    Neri, not named as a defendant, cannot have violated plaintiff's right to due process because

3    plaintiff has no federally recognized interest in confinement in a particular facility.  Nor does he

4    have a protected right to a grievance procedure or a particular outcome once he seeks redress

5    utilizing such a procedure.  Plaintiff comes closest to stating a claim in Claim 11.  In Claim 11,

6    he alleges Haley, Bustamento, Callen and Providence violated his rights.  However, he does not

7    name them as defendants.  Furthermore, assuming plaintiff intends these individuals to be

8    defendants, he faults them for refusing to transfer him from a *medical facility*, *see*

9    http://www.cdcr.ca.gov/Visitors/Facilities/CMF.html, equipped with a general acute care

10   hospital and a hospice unit to a *reception center*,

11   http://www.cdcr.ca.gov/Visitors/Facilities/CIM/html, equipped with neither.  *See* Fed. R. Evid.

12   201 (court may take judicial notice of facts that are "capable of accurate and ready determination

13   by resort to sources whose accuracy cannot reasonably be questioned.") *see also United States v.*

14   *Grace*, ___ F.3d ___, 2007 WL 2728767 (9th Cir. 2007) (court may take judicial notice of

15   contents of the existence and contents of published articles).  The court accepts plaintiff's

16   allegation that these individuals refused to transfer plaintiff to CIM.  However, any allegation of

17   cognizable harm from that fact is speculative as CIM appears to be unequipped to manage

18   plaintiff's medical conditions.  As previously noted, plaintiff has no federally protected right to

19   be confined in a particular facility.

20   **B.    ADA Claim**

21          To state a claim under Title II of the ADA, plaintiff must allege: (1) he is disabled; (2) he

22   is eligible, with or without accommodation, to receive or participate in a public entity's services,

23   programs or activities; (3) the entity excluded him from participation in or denied him the

24   benefits of its services, programs or activities, or otherwise discriminated against him; and (4)

25   the exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

26   *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  Plaintiff alleges that he suffers from

visual, hearing and mobility impairments and from terminal cancer, CIM has a hospice unit, this unit is a covered service or program, and he has been denied access to it.  Plaintiff misses the purpose of the ADA, which is to ensure that disabled individuals have access to programs and services available to able-bodied persons.  *See Arc of Washington State Inc. V. Braddock*, 427 F.3d 615, 618 (9th Cir. 2005) (Title II contains an "integration requirement," i.e., ending the isolation and segregation of disabled persons from programs and services available to able-bodied persons).  A hospice program is designed for persons who require a certain kind of medical care.  Thus, exclusion from it is not discrimination under the ADA.  Plaintiff fails to state a claim.

Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim and the Clerk be directed to close the case. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 10, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE